UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM R., | ) |
| | ) CASE NO. C20-5261-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER RE: SOCIAL SECURITY |
| ANDREW M. SAUL, | ) DISABILITY APPEAL |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record[1], this matter is AFFIRMED.

//

//

---

[1] Plaintiff's opening brief does not comply with the scheduling order (Dkt. 16 at 2), in that it does not list the disputed issues beginning on the first page. Dkt. 19 at 1-3. In the future, counsel should take care to comply with the Court's orders to avoid a stricken brief.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -1

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1985.[2]  He has a high school diploma and his previous jobs include warehouse worker, auction servicer, unloader/loader, forklift operator, construction laborer, and fast-food manager.  (AR 353, 372.)

Plaintiff applied for DIB and SSI in May 2017.  (AR 263-76.)  Those applications were denied and Plaintiff timely requested a hearing.  (AR 187-90, 195-210.)

In November 2018, ALJ Allen G. Erickson held a hearing, taking testimony from Plaintiff and a vocational expert.  (AR 32-116.)  On January 11, 2019, the ALJ issued a decision finding Plaintiff not disabled.  (AR 13-24.)  Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on January 31, 2020 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not engaged in substantial gainful activity since September 1, 2017, the amended alleged onset date.  (AR 15.)  At step two, it must be determined whether a claimant suffers from a

---

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

severe impairment. The ALJ found severe Plaintiff's lumbar spine degenerative disc disease. (AR 15-17.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 17-18.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work, with additional limitations: he can occasionally climb ladders, ropes, or scaffolds. He can occasionally crawl. He can have occasional exposure to vibration and extreme cold temperatures. (AR 18.) With that assessment, the ALJ found Plaintiff capable of performing his past relevant work as a fast-food manager. (AR 23-24.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) finding that his mental impairments were not severe, (2) discounting his subjective symptom testimony, and (3) assessing certain medical

evidence and opinions.[3]  The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

### Step two

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling 85-28). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id*. (citing *Bowen*, 482 U.S. at 153-54). An ALJ is also required to consider the "combined effect" of an individual's impairments in considering severity. *Id*. A diagnosis alone is not sufficient to establish a severe impairment. Instead, a claimant must show his medically determinable impairments are severe. 20 C.F.R. §§ 404.1521, 416.921.

In this case, the ALJ found that Plaintiff's major depressive disorder and posttraumatic stress disorder were medically determinable, but were not severe because they did not cause more than a minimal limitation in Plaintiff's ability to perform basic work activities. (AR 16-

---

[3] The opening brief alleges that these enumerated errors led to errors in the RFC and deprived the ALJ's decision of the support of substantial evidence. Dkt. 19 at 13-15. These additional arguments need not be addressed separately, because they are enveloped in the arguments regarding the step-two findings and the ALJ's assessment of Plaintiff's testimony and the medical opinions.

17.) The ALJ also found that Plaintiff's lack of any mental health treatment or medications further suggested that his mental conditions were not severe. (AR 17.)

Plaintiff argues that a September 2017 consultative psychiatric examination performed by Nathaniel Sowa, M.D., demonstrates that his mental conditions caused significant workplace limitations. Dkt. 19 at 7-9. The ALJ found Dr. Sowa's opinion to be unpersuasive, however, because his conclusions were inconsistent with the mental status examination he performed, and his conclusions were inconsistent with Plaintiff's demonstrated functioning and instead appeared to be based on Plaintiff's non-credible self-reporting. (AR 22.) As explained *infra*, the ALJ's assessment of Dr. Sowa's opinion is reasonable and supported by substantial evidence. Thus, Plaintiff does not establish error in the ALJ's step-two finding by pointing to evidence that the ALJ properly found unpersuasive, and Plaintiff does not dispute the ALJ's finding that his lack of mental health treatment also suggested that his mental conditions were not severe. Plaintiff has failed to meet his burden of proof to show harmful legal error in the ALJ's step-two findings.

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's allegations for a number of reasons: (1) Plaintiff's allegations were inconsistent with the medical evidence, which included many normal or mild findings; (2) Plaintiff's symptoms improved with treatment, and Plaintiff did not report to his providers the medication side effects that he alleged to the ALJ; (3) Plaintiff's activities were inconsistent with the degree of back pain he reported; and (4) Plaintiff worked and certified that he was able to work (for purposes of collecting unemployment benefits) since his workplace injury. (AR 18-21.) Plaintiff argues that these reasons are not clear and

convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Scope of the record

First, Plaintiff argues that the ALJ erred in determining the relevant period in light of his amendment of his alleged onset date. In Plaintiff's applications, he alleged disability as of April 24, 2016, the date he was injured on the job. At the administrative hearing, after a discussion of the evidence pertaining to his post-injury work as well as his collection of unemployment benefits, Plaintiff amended his alleged onset date to September 1, 2017. (AR 59-69.)

In the decision, the ALJ refers to Plaintiff's work activity and collection of unemployment benefits, although those predate the amended alleged onset date. (AR 21.) Plaintiff argues that this was improper, particularly in light of the ALJ's finding that medical opinions predating the amended alleged onset date were irrelevant. (*See* AR 23.) Plaintiff has failed to demonstrate harmful error in the ALJ's findings. Even if, as Plaintiff argues, the ALJ erred in discounting his testimony in light of activities performed before the alleged onset date, any error would be harmless in light of the ALJ's other independent reasons for discounting Plaintiff's allegations. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Furthermore, the Ninth Circuit has previously explained that medical opinions predating the alleged onset of disability are of "limited relevance." *See Carmickle*, 533 F.3d at 1165. Thus, the ALJ did not err in limiting his discussion to the medical opinions that pertain to the relevant period. (AR 23.)

01       Accordingly, the Court finds that Plaintiff has failed to show harmful legal error in the
02 ALJ's determination of the relevant period.

03 <u>Activities</u>

04       Plaintiff argues that the ALJ erred in assessing Plaintiff's activities, because the ALJ
05 stated that Plaintiff cared for his children and completed household chores, yet Plaintiff
06 testified that he received help with those activities from his significant other and his children.
07 Dkt. 19 at 5. But the record also contains evidence that Plaintiff independently managed these
08 activities to some degree. (*See* AR 394, 999-1000, 1006, 1013.) The ALJ cited evidence
09 showing that Plaintiff completed some activities on his own, and the ALJ reasonably found
10 that this evidence contradicted his testimony and discounted Plaintiff's testimony on that
11 basis. Although Plaintiff urges the Court to credit his testimony, he has not shown that the
12 ALJ erred in finding otherwise, as one of multiple reasons to discount Plaintiff's testimony.

13       Plaintiff also argues that his alleged limitations in driving and walking were consistent
14 with some of the medical evidence (Dkt. 19 at 5 (citing AR 1008, 1013)), but does not show
15 that the ALJ erroneously relied on the many normal physical findings in the record, such as
16 Plaintiff's normal musculoskeletal and neurologic exams, normal gait and station, normal
17 range of motion, and normal strength. (*See* AR 19-20.)

18       Plaintiff contends generally that "it is very unclear how the [ALJ] determines that [his]
19 testimony is inconsistent with the record" (Dkt. 19 at 6), but the Court finds that the ALJ's
20 discussion of the evidence is adequately clear: the ALJ summarized medical evidence and
21 explained that he found that although there were some abnormal findings, the many normal
22 findings indicate that Plaintiff's limitations are less severe than alleged and would be

consistent with performing light work with additional limitations. (AR 19-20.) The ALJ also noted that one provider believed Plaintiff's reported pain was out of proportion to the objective findings. (AR 20.) The ALJ went on to find that Plaintiff's symptoms improved with treatment, and that he did not report to his providers the medication side effects he described at the hearing. (AR 21.) The ALJ also cited Plaintiff's activities, and reasonably found them to be inconsistent with his allegations. (AR 21.) Thus, the Court disagrees that the ALJ's decision fails to explain why he found the record to be inconsistent with Plaintiff's allegations. Although Plaintiff questions whether the ALJ's assessment of his testimony was "well-founded by the medical evidence" (Dkt. 19 at 6), Plaintiff has not shown that the ALJ overlooked any significant, probative evidence and has not shown that the ALJ's decision lacks the support of substantial evidence. Accordingly, because Plaintiff has not shown that the ALJ harmfully erred in contrasting the evidence with his testimony, the Court affirms the ALJ's assessment of Plaintiff's subjective testimony.

<u>Medical evidence</u>

<u>Legal standards</u>

Because Plaintiff applied for benefits after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. Under the regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[4] The ALJ must articulate and explain the persuasiveness of an opinion or prior

---

[4] "A prior administrative medical finding is a finding, other than the ultimate determination about [disability], about a medical issue made by our Federal and State agency medical and

finding based on "supportability" and "consistency," the two most important factors in the evaluation. *Id*. at (a), (b)(1)-(2). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at (c)(1)-(2). The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements. *Id*. at (b)(2), (c)(3)-(5). *But see id*. at (b)(3) (where finding two or more opinions/findings about same issue equally supported and consistent with the record, but not exactly the same, ALJ will articulate how other factors were considered). Where a single medical source provides multiple opinions or findings, the ALJ conducts a single analysis and need not articulate how each opinion or finding is considered individually. *Id*. at (b)(1).

Medical opinion evidence

Dr. Sowa examined Plaintiff in September 2017 and wrote a narrative report describing his symptoms and limitations. (AR 1011-15.) Dr. Sowa indicated that Plaintiff's cognitive and social abilities were fair to good, but that his ability to work at a sufficient pace was poor in light of his problems with activities of daily living due to a combination of physical and psychological factors, and his ability to maintain attendance and complete his

---

psychological consultants at a prior level of review . . . in [a] claim based on their review of the evidence in your case record[.]" 20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

work were poor based on his "reported ongoing pain." (AR 1015.)

As mentioned *supra*, the ALJ found Dr. Sowa's opinion unpersuasive because his conclusions were inconsistent with the mental status examination he performed, and his conclusions were inconsistent with Plaintiff's demonstrated functioning and instead appeared to be based on Plaintiff's non-credible self-reporting. (AR 22.) This rationale is reasonable and supported by substantial evidence. Dr. Sowa explicitly cited Plaintiff's self-reported problems with activities of daily living and physical pain to explain his ratings of Plaintiff's abilities as to pace and absenteeism, and the ALJ properly discounted Plaintiff's self-report, as explained *supra*. Thus, the ALJ did not err in finding that Dr. Sowa's opinion was unpersuasive to the extent it relied on Plaintiff's self-report.

Furthermore, the ALJ reasonably found Dr. Sowa's opinion to be inconsistent with the mental functioning required in the daily activities Plaintiff described, namely taking primary care of his four children as a single parent. (AR 22.) Indeed, Plaintiff described independently managing his household to Dr. Sowa: managing his own hygiene, managing his finances, helping his children get ready for school every day, preparing easy meals (obtaining help from his children for elaborate meals), studying the Bible with his children and discussing their issues. (AR 1013.) Plaintiff's ability to care for his four children as the primary solo caretaker, even with the children's help on some physical chores, is reasonably inconsistent with the mental limitations described by Dr. Sowa, and the ALJ did not err in relying on this inconsistency in finding Dr. Sowa's opinion unpersuasive.

Lastly, the ALJ noted that Dr. Sowa's normal mental status examination was inconsistent with the limitations suggested by Dr. Sowa. (AR 22.) Dr. Sowa's normal mental

status examination findings are indeed reasonably inconsistent with the focus and concentration deficits that Dr. Sowa indicated. (*Compare* AR 1014 *with* AR 1015.) Although Plaintiff suggests that the ALJ erred in relying on mental status findings in treatment notes as inconsistent with Dr. Sowa's conclusions (Dkt. 19 at 10-11), the ALJ explicitly contrasted Dr. Sowa's conclusions with his own mental status examination, not the examinations of treating providers who saw Plaintiff for reasons other than psychiatric appointments. (AR 22 ("[Dr. Sowa's] opinion is not persuasive because it is inconsistent with the doctor's fairly unremarkable mental status exam of the claimant.").) Thus, Plaintiff has not shown that the ALJ erred in relying on an internal inconsistency in finding Dr. Sowa's opinion to be unpersuasive.

Plaintiff also argues that the ALJ erred in assessing the evidence of his physical limitations. Plaintiff posits an alternative interpretation of various physical findings (Dkt. 19 at 11), but does not explain how these findings demonstrate harmful error in the ALJ's decision. For example, Plaintiff argues that the opinion of examining physician Gary Gaffield, D.O., that Plaintiff "only suffers from back pain is categorically incorrect" in light of contrary evidence (Dkt. 19 at 11), but it is unclear what part of Dr. Gaffield's opinion Plaintiff intended to highlight here. Plaintiff goes on to argue that the ALJ erred in failing to account for Dr. Gaffield's opinion that Plaintiff should avoid postural activities and certain environmental conditions (Dkt. 19 at 11-12), but fails to acknowledge that the ALJ explained why he found Dr. Gaffield's opinion as to postural limitations to be inconsistent with his findings and other treatment notes in the record. (AR 22.) Plaintiff has failed to show or even argue that this line of the ALJ's reasoning was erroneous. Furthermore, Plaintiff has not

shown that the job identified at step four (fast-food manager) requires exposure to any of the environmental conditions (stairs, scaffolds, heights, heavy machinery) that Dr. Gaffield suggested that Plaintiff must avoid. *See* Dictionary of Occupational Titles 187.167-106, 1991 WL 671389 (Jan. 1, 2016) (definition of fast-food manager job).

Plaintiff goes on to argue that the ALJ should have afforded more weight to an occupational therapist's opinion (Dkt. 19 at 12), but fails to appreciate that the new medical regulations specifically instruct ALJs not to give any particular evidentiary weight to medical opinions, but instead instructs them to assess the consistency and supportability of medical opinions, which the ALJ did here. (AR 22.) To the extent that Plaintiff contends that the ALJ erred in finding that the occupational therapist's opinion was inconsistent with findings of the treating providers (Dkt. 19 at 12), he fails to show that the ALJ erred in finding that the evidence of Plaintiff's normal functioning (*e.g.*, normal gait, full strength, intact sensation, normal reflexes) in the treatment notes contradicted the occupational therapist's conclusion that Plaintiff was restricted to sedentary work. Although Plaintiff urges the Court to focus on findings such as positive straight leg raise testing in the treatment record (Dkt. 19 at 12), the ALJ acknowledged that the record contained some abnormal findings (AR 19-20) and did not err in focusing on the findings pertaining to Plaintiff's normal functioning. Moreover, although Plaintiff suggests (Dkt. 19 at 11) that the ALJ misquoted the record in finding "very little compression of the right exiting L5 nerve root," the ALJ's decision quotes verbatim from a treating neurosurgeon's note in so finding. (*See* AR 1300.)

Plaintiff argues in conclusion that the limitations addressed in Dr. Sowa's opinion, in combination with the additional physical limitations not included in the ALJ's RFC

assessment "create reversible error" because the omitted limitations "offer, at minimum, support to overturn the [ALJ's] conclusion that [Plaintiff] can perform his past relevant work[.]" Dkt. 19 at 12. This argument is not grounded in an identification of a legal error in the ALJ's decision: the existence of evidence that could support a finding of disability does not show that the ALJ erred in finding the contrary. *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled."). The ALJ explained why he found certain opinions persuasive and others not persuasive, and although Plaintiff disagrees with the ALJ's assessment, he has failed to show that the ALJ's interpretation was erroneous and thus fails to show that the ALJ erred in failing to account for limitations identified in unpersuasive opinions.

Plaintiff goes on to argue that "the step five analysis develops a record to suggest" that Plaintiff would have additional limitations not included in the RFC assessment (Dkt. 19 at 12-13), but the ALJ did not proceed to step five in this case and thus this argument does not appear to advance Plaintiff's contention that the ALJ's decision contains error or is not supported by substantial evidence.

For all of these reasons, the Court finds that Plaintiff has failed to show harmful legal error in the ALJ's assessment of the medical evidence. Although Plaintiff urges the Court to interpret and/or re-weigh the evidence in his favor, the Court's limited role in reviewing an ALJ's decision does not extend so far. *See Ahearn v. Saul*, __ F.3d __, 2012 WL 609825 at *2 (9th Cir. Feb. 17, 2021) ("[Courts] may not reweigh the evidence or substitute our

judgment for that of the ALJ."). Thus, the Court concludes that Plaintiff has failed to meet his burden to show harmful legal error in the ALJ's assessment of the medical evidence.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 25th day of February, 2021.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -14